UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION,

        Plaintiff,                      Case No.:  15-cv-179

v.

ATTACHMATE CORPORATION,

        Defendant.

---

**ATTACHMATE'S MOTION *IN LIMINE* NUMBER TWO (2) REGARDING OFFERING ATTACHMATE'S HIGHLY CONFIDENTIAL PRICE LISTS USING FRE 1006 SUMMARIES**

---

## I.   INTRODUCTION

Attachmate proposes using a Federal Rule of Evidence 1006 summary to call out specific information from Attachmate's proprietary price lists at trial.  Federal Rule of Evidence 1006 allows a proponent of evidence to use a summary chart to show the content of voluminous documents that cannot be conveniently examined in Court as long as the proponent makes the underlying documents available to the other side for examination.

Here there are two primary reasons that a Federal Rule of Evidence 1006 summary chart should be used in at trial: (i) the relevant information from the Attachmate price lists will be easier to present and easier to understand if a summary chart is used, and (ii) the irrelevant but highly confidential information from the price lists will be protected from disclosure.  Epic refused to stipulate to the use of these summaries in lieu of Attachmate's highly confidential price lists.  Regardless of Epic's unexplained position, Attachmate's motion should be granted.

## II.     FACTUAL BACKGROUND

During discovery, Attachmate produced dozens of its highly-confidential price lists to Epic, which includes Attachmate's list price for single-user licenses sold directly to customers, resellers and distributors. The price lists are in Excel format, each with over 800 lines and approximately 15 columns including information for hundreds of Attachmate software products such as discount levels and notes on types of licensing available for each product. Of the hundreds of software products listed on each price list produced by Attachmate, the prices and potential discounts for only three software products are at issue in this case: (1) Reflection for UNIX and Open-VMS v. 14.0; (2) Reflection for UNIX and Open-VMS v. 14.1; and (3) EXTRA! X-treme v. 9.3. The remainder of the hundreds of lines of information included on these spreadsheets is irrelevant to this dispute.

Attachmate proposed to Epic a stipulation regarding the use of these summaries in lieu of Attachmate's highly-confidential price lists to Epic, but Epic refused. As such, Attachmate was forced to file this unilateral motion to seek relief from the Court. Because these voluminous and rather unwieldy documents contain so much irrelevant information that constitutes Attachmate's highly-confidential information, Attachmate proposes using price summary charts in lieu of the spreadsheets themselves.

## III.     ARGUMENT

### A.   A Rule 1006 Summary will be Easier to Present and to Understand

Attachmate's price lists are Excel documents containing over 800 of rows and over 15 columns of information. Of these thousands of cells of information, the only need either party has for these documents is to show the applicable list price for Attachmate software licenses for three products. Attachmate has compiled this information into a summary pursuant to Federal Rule of Evidence 1006, and proposes using this succinct and efficient document instead of forcing witnesses to scroll through hundreds of lines of irrelevant data at trial.

### B. A Rule 1006 Summary will Protect Attachmate's Trade Secrets

Attachmate licenses hundreds of software products to customers around the world, the suggested prices for which are contained in price lists that are revised periodically and circulated internally at Attachmate and to its reseller and distributors monthly. The prices and information contained in these documents are highly confidential; neither customers nor third-parties are given access to these pricing models. Because these price lists are highly confidential and 99% of their contents are not relevant to this case, using them in their entirety at trial is not necessary. Instead, Attachmate has prepared summary charts proposed as Trial Exhibit Nos. 576 and 577. This information pulls pricing information for the three relevant software products from the direct and reseller price lists for the years 2011-2014.

### IV. CONCLUSION

Presentation of Attachmate's highly-confidential price lists in Federal Rule of Evidence 1006 summaries is more convenient for the Court and the parties, as well as protecting from disclosure Attachmate's highly-confidential information that has no relevance on this proceeding. The motion should be granted.

DATED this 8th day of July, 2016.

STOKES LAWRENCE, P.S.

By: /s/    Bradford J. Axel

Bradford J. Axel, admitted *pro hac vice*
Theresa H. Wang, admitted *pro hac vice*
Shannon M. Jost, admitted *pro hac vice*
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Phone: (206) 626-6000
Fax: (206) 464-1496
*theresa.wang@stokeslaw.com*
*brad.axel@stokeslaw.com*
*shannon.jost@stokeslaw.com*


Aaron T. Olejniczak (1034997)
ANDRUS INTELLECTUAL PROPERTY
LAW, LLP
100 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
Phone: (414) 271-7590
Fax: (414) 271-5770
*aarono@andruslaw.com*

Attorneys for Attachmate Corporation