UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Epic Systems Corporation,

        Plaintiff,

vs.                                      Case No. 15-CV-179

Attachmate Corporation,

        Defendant.

---

**EPIC SYSTEMS CORPORATION'S RESPONSE TO ATTACHMATE'S MOTION *IN LIMINE* NUMBER TWO (2) REGARDING OFFERING ATTACHMATE'S HIGHLY CONFIDENTIAL PRICE LISTS USING FRE 1006 SUMMARIES**

---

Attachmate's concern regarding the disclosure of its allegedly "highly confidential price lists" can be easily resolved by simply excluding the irrelevant documents in their entirety.  As Epic has explained in its motion *in limine* regarding the measure of damages, Attachmate's price lists are irrelevant because there is no evidence that Attachmate has ever sold a license at the alleged list price and, in fact, the only evidence is that Attachmate sold Epic licenses at a significant discount from the values found on the price list.  (*See* dkt. #154 at 12-13.)  Thus, if Attachmate is properly precluded from offering its irrelevant price lists, then Attachmate's motion to submit summaries is moot.

Even assuming the price lists have some minuscule relevance (which they don't), Attachmate's concerns about the disclosure of highly confidential information lacks support in reality.  The trial is before the Court and not a jury, which means that there is

no concern about jurors seeing the allegedly confidential information. Thus, the only people who will see the information is the judge, the witness referencing the document and the lawyers. If the Court is convinced that the price lists rise to the level of a trade secret, it has the discretion to seal those exhibits to prevent Attachmate's competitors from seeing them. *See Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) ("Records or parts of records are sometimes sealed for good reasons, including . . . trade secrets . . . ."). Attachmate's concern is an apparition of its own making.

Finally, Federal Rule of Evidence 1006 regarding summaries notes that a summery or chart may be used to prove voluminous writings "that cannot be conveniently examined in court." Directing a witness or the court to a specific row in an excel sheet would allow the parties and the Court to conveniently review any relevant line entries in court. Nonetheless, if the Court is inclined to use of summary of the price lists, Attachmate's proposed summary is not a proper summary as it does not accurately summarize the referenced documents. *See United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013). Indeed, while Attachmate pulled certain price information, it left out other information found in the various excel rows referencing the software at issue. For example, it left out any relevant notes regarding each product as well as the different price levels for each product. Also, Attachmate did not include any prices for concurrent licenses, which are at issue in this case. Thus, if summaries are used, the Court should require an accurate summary that includes the entire row regarding each relevant product for each year.

## CONCLUSION

Based upon the foregoing, the Court should deny Attachmate's Motion *in Limine* Number Two (2) Regarding Offering Attachmate's Highly Confidential Price Lists Using FRE 1006 Summaries.

Dated this 15th day of July, 2016.

                **MICHAEL BEST & FRIEDRICH LLP**

                By:   *s/ S. Edward Sarskas*
                      S. Edward Sarskas, SBN 1025534
                      Patricia L. Jenness, SBN 1082658
                      100 East Wisconsin Avenue, Suite 3300
                      Milwaukee, WI 53202
                      Phone: 414.271.6560
                      Fax: 414.277.0656
                      sesarskas@michaelbest.com
                      pljenness@michaelbest.com

                      Ian A. J. Pitz, SBN 1031602
                      Albert Bianchi, Jr., SBN 1056920
                      1 S. Pinckney Street, Suite 700
                      Madison, WI 53703
                      Phone: 608.257.3501
                      Fax: 608.283.2275
                      iapitz@michaelbest.com
                      abianchi@michaelbest.com

                *Attorneys for Plaintiff Epic Systems Corporation*