UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Epic Systems Corporation,

       Plaintiff,

vs.

Attachmate Corporation,

       Defendant.

Case No. 15-CV-179

---

**EPIC SYSTEMS CORPORATION'S PROPOSED SPECIAL VERDICT FORM**

---

In accordance with the Court's Order in Non-Jury Cases Assigned to Judge Crabb, Epic, through its counsel, Michael Best and Friedrich LLP, hereby submit its proposed special verdict form:

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

1. Has Epic proven by a preponderance of the evidence that Attachmate breached its duty of good faith and fair dealing in exercising the audit provision of the applicable software license agreements?

    Yes _____              No _____

If your answer to Question No. 1 was "No," please proceed to Question No. 7. If your answer to Question No. 1 was "Yes," please proceed to Question No. 2.

2. Has Epic proven by a preponderance of the evidence that Attachmate's breach of its duty of good faith and fair dealing caused Epic pecuniary loss?

    Yes _____              No _____

If your answer to Question No. 2 was "No," please proceed to Question No. 7. If your answer to Question No. 2 was "Yes," please proceed to Question No. 3.

3. What amount of damages is Epic entitled to in light of Attachmate's breach of its duty of good faith and fair dealing?

$_____

4. Has Attachmate proven by a preponderance of the evidence that Epic failed to use reasonable efforts to minimize its damages caused by Attachmate's breach of its duty of good faith and fair dealing?

Yes _____         No _____

If your answer to Question No. 4 was "No," please proceed to Question No. 7. If your answer to Question No. 4 was "Yes," please proceed to Question No. 5.

5. Has Attachmate proven by a preponderance of the evidence the amount of damages that that could have been minimized or avoided by Epic's reasonable efforts?

Yes _____         No _____

If your answer to Question No. 5 was "No," please proceed to Question No. 7. If your answer to Question No. 5 was "Yes," please proceed to Question No. 6.

6. By what amount should Epic's damages caused by Attachmate's breach of its duty of good faith and fair dealing be minimized?

$_____

## WISCONSIN DECEPTIVE OR UNFAIR TRADE PRACTICES ACT

7. Has Epic proven by a preponderance of the evidence that Attachmate misrepresented that Epic's purchase of concurrent RWeb licenses permitted Epic to use Reflection for UNIX and Open VMS v. 14.0 on a concurrent basis?

Yes _____     No _____

If your answer to Question No. 7 was "No," please proceed to Question No. 13.
If your answer to Question No. 7 was "Yes," please proceed to Question No. 8.

8. Has Epic proven by a preponderance of the evidence that Attachmate's misrepresentation caused Epic pecuniary loss?

Yes _____     No _____

If your answer to Question No. 8 was "No," please proceed to Question No. 13.
If your answer to Question No. 8 was "Yes," please proceed to Question No. 9.

9. What amount of damages is Epic entitled to in light of Attachmate's misrepresentation?

$_____

10. Has Attachmate proven by a preponderance of the evidence that Epic failed to use reasonable efforts to minimize its damages caused by Attachmate's misrepresentation?

Yes _____     No _____

If your answer to Question No. 10 was "No," please proceed to Question No. 13.
If your answer to Question No. 10 was "Yes," please proceed to Question No. 11.

11. Has Attachmate proven by a preponderance of the evidence the amount of damages that that could have been minimized or avoided by Epic's reasonable efforts?

Yes _____     No _____

If your answer to Question No. 11 was "No," please proceed to Question No. 13. If your answer to Question No. 11 was "Yes," please proceed to Question No. 12.

12. By what amount should Epic's damages caused by Attachmate's misrepresentation be minimized?

$_____

## BREACH OF CONTRACT

**I. Breach of License for Reflection for UNIX and Open VMS v. 14.0**

13. Has Attachmate proven by a preponderance of the evidence that Epic breached the "use" restriction in the license agreement governing Epic's use of Reflection for UNIX and Open VMS v. 14.0?

Yes _____     No _____

If your answer to Question No. 13 was "No," please proceed to Question No. 17. If your answer to Question No. 13 was "Yes," please proceed to Question No. 14.

14. Has Attachmate proven by a preponderance of the evidence that Epic's breach of the "use" restriction caused Attachmate any actual economic damage?

Yes _____     No _____

If your answer to Question No. 14 was "No," please proceed to Question No. 17.
If your answer to Question No. 14 was "Yes," please proceed to Question No. 15.

15. Has Epic proven by a preponderance of the evidence that Epic's breach of the "use" restriction was resolved when Epic paid for concurrent RUO v. 14.0 licenses in March 2014?

Yes _____        No _____

If your answer to Question No. 15 was "No," please proceed to Question No. 16.
If your answer to Question No. 14 was "Yes," please proceed to Question No. 17.

16. What amount of damages is Attachmate entitled to in light of Epic's breach of the "use" restriction?

$_____

17. Has Attachmate proven by a preponderance of the evidence that Epic breached the "internal safeguard" restriction in the license agreement governing Epic's use of Reflection for UNIX and Open VMS v. 14.0?

Yes _____        No _____

If your answer to Question No. 17 was "No," please proceed to Question No. 19.
If your answer to Question No. 17 was "Yes," please proceed to Question No. 18.

18. Has Attachmate proven by a preponderance of the evidence that Epic's breach of the "internal safeguard" restriction caused Attachmate any actual economic damage?

Yes _____   No _____

If your answer to Question No. 17 was "No," please proceed to Question No. 20. If your answer to Question No. 17 was "Yes," please proceed to Question No. 19.

19. What amount of damages is Attachmate entitled to in light of Epic's breach of the "internal safeguard" restriction?

$_____

20. Has Attachmate proven by a preponderance of the evidence that Epic breached the "record-keeping" restriction in the license agreement governing Epic's use of Reflection for UNIX and Open VMS v. 14.0?

Yes _____   No _____

If your answer to Question No. 20 was "No," please proceed to Question No. 23. If your answer to Question No. 20 was "Yes," please proceed to Question No. 21.

21. Has Attachmate proven by a preponderance of the evidence that Epic's breach of the "record-keeping" restriction caused Attachmate any actual economic damage?

Yes _____   No _____

If your answer to Question No. 21 was "No," please proceed to Question No. 23. If your answer to Question No. 21 was "Yes," please proceed to Question No. 22.

22. What amount of damages is Attachmate entitled to in light of Epic's breach of the "record-keeping" restriction?

$_____

23. Has Attachmate proven by a preponderance of the evidence that Epic breached the "monitor and control concurrent use" restriction in the license agreement governing Epic's use of Reflection for UNIX and Open VMS v. 14.0?

Yes _____        No _____

If your answer to Question No. 23 was "No," please proceed to the instruction between questions 25 and 26. If your answer to Question No. 23 was "Yes," please proceed to Question No. 23.

24. Has Attachmate proven by a preponderance of the evidence that Epic's breach of the "monitor and control concurrent use" restriction caused Attachmate any actual economic damage?

Yes _____        No _____

If your answer to Question No. 24 was "No," please proceed to the instruction between questions 25 and 26. If your answer to Question No. 24 was "Yes," please proceed to Question No. 25.

25. What amount of damages is Attachmate entitled to in light of Epic's breach of the "monitor and control concurrent use" restriction?

$_____

**If you entered a value greater than zero in response to Questions Nos. 16, 19, 22 or 25, please proceed to Question No. 26. Otherwise, please proceed to Question No. 29.**

26. Has Epic proven by a preponderance of the evidence that Attachmate failed to use reasonable efforts to minimize its damages caused by Epic's breach of the license agreement governing Epic's use of Reflection for UNIX and Open VMS v. 14.0?

Yes _____ No _____

If your answer to Question No. 26 was "No," please proceed to Question No. 29.
If your answer to Question No. 26 was "Yes," please proceed to Question No. 27.

27. Has Epic proven by a preponderance of the evidence the amount of damages that that could have been minimized or avoided by Attachmate's reasonable efforts?

Yes _____ No _____

If your answer to Question No. 27 was "No," please proceed to Question No. 29.
If your answer to Question No. 27 was "Yes," please proceed to Question No. 28.

28. By what amount should Attachmate's damages caused by Epic's breach of the license agreement governing Epic's use of Reflection for UNIX and Open VMS v. 14.0 be minimized?

$_____

II. **Breach of License for Reflection for UNIX and Open VMS v. 14.1**

29. Has Attachmate proven by a preponderance of the evidence that Epic breached the Reflection for UNIX and Open VMS v. 14.1 license agreement?

Yes _____ No _____

If your answer to Question No. 29 was "No," please proceed to Question No. 35.
If your answer to Question No. 29 was "Yes," please proceed to Question No. 30.

30. Has Attachmate proven by a preponderance of the evidence that Epic's breach of the Reflection for UNIX and Open VMS v. 14.1 license agreement caused Attachmate any actual economic damage?

Yes _____ No _____

If your answer to Question No. 30 was "No," please proceed to Question No. 35.
If your answer to Question No. 30 was "Yes," please proceed to Question No. 31.

31. What amount of damages is Attachmate entitled to in light of Epic's breach of the Reflection for UNIX and Open VMS v. 14.1 license agreement?

$_____

**If you entered a value greater than zero in response to Questions No. 31, please proceed to Question No. 32. Otherwise, please proceed to Question No. 35.**

32. Has Epic proven by a preponderance of the evidence that Attachmate failed to use reasonable efforts to minimize its damages caused by Epic's breach of the Reflection for UNIX and Open VMS v. 14.1 license agreement?

Yes _____ No _____

If your answer to Question No. 32 was "No," please proceed to Question No. 35.
If your answer to Question No. 32 was "Yes," please proceed to Question No. 33.

33. Has Epic proven by a preponderance of the evidence the amount of damages that that could have been minimized or avoided by Attachmate's reasonable efforts?

Yes _____ No _____

If your answer to Question No. 33 was "No," please proceed to Question No. 35.
If your answer to Question No. 33 was "Yes," please proceed to Question No. 34.

34. By what amount should Attachmate's damages caused by Epic's breach of the Reflection for UNIX and Open VMS v. 14.1 license agreement be minimized?

$_____

### III. Breach of License for EXTRA! X-treme v. 9.3

35. Has Attachmate proven by a preponderance of the evidence that Epic breached the EXTRA! X-treme v. 9.3 license agreement?

Yes _____  No _____

If your answer to Question No. 35 was "No," please proceed to Question No. 41. If your answer to Question No. 35 was "Yes," please proceed to Question No. 36.

36. Has Attachmate proven by a preponderance of the evidence that Epic's breach of the EXTRA! X-treme v. 9.3 license agreement caused Attachmate any actual economic damage?

Yes _____  No _____

If your answer to Question No. 36 was "No," please proceed to Question No. 41. If your answer to Question No. 36 was "Yes," please proceed to Question No. 37.

37. What amount of damages is Attachmate entitled to in light of Epic's breach of the EXTRA! X-treme v. 9.3 license agreement?

$_____

**If you entered a value greater than zero in response to Question No. 37, please proceed to Question No. 38. Otherwise, please proceed to Question No. 41.**

38. Has Epic proven by a preponderance of the evidence that Attachmate failed to use reasonable efforts to minimize its damages caused by Epic's breach of the EXTRA! X-treme v. 9.3 license agreement?

Yes _____     No _____

If your answer to Question No. 38 was "No," please proceed to Question No. 41. If your answer to Question No. 38 was "Yes," please proceed to Question No. 39.

39. Has Epic proven by a preponderance of the evidence the amount of damages that that could have been minimized or avoided by Attachmate's reasonable efforts?

Yes _____     No _____

If your answer to Question No. 39 was "No," please proceed to Question No. 41. If your answer to Question No. 39 was "Yes," please proceed to Question No. 40.

40. By what amount should Attachmate's damages caused by Epic's breach of the EXTRA! X-treme v. 9.3 license agreement be minimized?

$_____

## COPYRIGHT INFRINGMENT

41. Has Attachmate proven by a preponderance of the evidence that Epic infringed Attachmate's copyright in Reflection for UNIX and Open VMS v. 14.1 software by making an unlicensed copy of the software?

Yes _____     No _____

If your answer to Question No. 41 was "No," please proceed to Question No. 44. If your answer to Question No. 41 was "Yes," please proceed to Question No. 42.

42. Has Attachmate proven by a preponderance of the evidence that Epic's infringement of Attachmate's copyright in Reflection for UNIX and Open VMS v. 14.1 software caused Attachmate any actual economic damage?

Yes _____        No _____

If your answer to Question No. 42 was "No," please proceed to Question No. 44. If your answer to Question No. 42 was "Yes," please proceed to Question No. 43.

43. What amount of damages is Attachmate entitled to in light of Epic's infringement of Attachmate's copyright in Reflection for UNIX and Open VMS v. 14.1 software?

$_____

44. Has Attachmate proven by a preponderance of the evidence that Epic infringed Attachmate's copyright in EXTRA! X-treme v. 9.3 software by making an unlicensed copy of the software?

Yes _____        No _____

If your answer to Question No. 44 was "No," please proceed to Question No. 47. If your answer to Question No. 44 was "Yes," please proceed to Question No. 45.

45. Has Attachmate proven by a preponderance of the evidence that Epic's infringement of Attachmate's copyright in EXTRA! X-treme v. 9.3 software caused Attachmate any actual economic damage?

Yes _____        No _____

If your answer to Question No. 45 was "No," please proceed to Question No. 47. If your answer to Question No. 45 was "Yes," please proceed to Question No. 46.

46. What amount of damages is Attachmate entitled to in light of Epic's infringement of Attachmate's copyright in EXTRA! X-treme v. 9.3 software?

$_____

47. Has Attachmate proven by a preponderance of the evidence that Epic infringed Attachmate's copyright in Reflection for UNIX and Open VMS v. 14.0 software by making an unlicensed copy of the software?

Yes _____   No _____

If your answer to Question No. 47 was "No," you are done. If your answer to Question No. 47 was "Yes," please proceed to Question No. 48.

48. Has Attachmate proven by a preponderance of the evidence that Epic's infringement of Attachmate's copyright in Reflection for UNIX and Open VMS v. 14.1 software caused Attachmate any actual economic damage?

Yes _____   No _____

If your answer to Question No. 48 was "No," you are done. If your answer to Question No. 48 was "Yes," please proceed to Question No. 49.

49. What amount of damages is Attachmate entitled to in light of Epic's infringement of Attachmate's copyright in Reflection for UNIX and Open VMS v. 14.1 software?

$_____

Dated this 18th day of July, 2016.

  /s/ S. Edward Sarskas_____
S. Edward Sarskas
Patricia L. Jenness
**MICHAEL BEST & FRIEDRICH, LLP**
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Tel: 414.271.6560
Fax: 414.277.0656


Ian A. J. Pitz
Albert Bianchi, Jr.
Ken M. Albridge
**MICHAEL BEST & FRIEDRICH, LLP**
1 S. Pinckney Street, Suite 700
Madison, WI 53703
Tel: 608.257.3501
Fax: 608.283.2275

*Attorneys for Plaintiff Epic Systems Corporation*